**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARDELL CHRISTIAN** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **Case No. 4:21-cv-1612** |
| | § | |
| **R + L CARRIERS, INC.,** | § | |
| **R + L CARRIERS SHARED** | § | |
| **SERVICES, LLC, AND** | § | |
| **RLR INVESTMENTS, LLC** | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**DEFENDANTS R&L CARRIERS SHARED SERVICES, L.L.C. AND R.L.R.
INVESTMENTS, L.L.C.'S JOINT NOTICE OF REMOVAL**

Defendants R&L Carriers Shared Services, L.L.C. ("CSS") and R.L.R. Investments, L.L.C. ("R.L.R.") (collectively, "Defendants"), incorrectly named and served as "R + L Carriers Shared Services, LLC" and "RLR Investments, LLC," respectively in Plaintiff's Original Petition, file this Notice of Removal of Cause No. 2021-21334, styled *Mardell Christian v. R + L Carriers, Inc., R + L Carriers Shared Services, LLC* [*sic*]*, and RLR Investments, LLC* [*sic*], filed in the 270th Judicial District Court of Harris County, Texas (the "State Court Action"), and hereby remove the State Court Action to this Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. §1446. Defendants respectfully show the following:

**INTRODUCTION**

1. Plaintiff Mardell Christian ("Plaintiff") commenced the State Court Action on April 12, 2021, in the 270th Judicial District Court of Harris County, Texas. A copy of Plaintiff's Original Petition and Request for Disclosure ("Petition")—the instrument by which Plaintiff commenced the State Court Action—is attached hereto as **Exhibit A**.

2. The Harris County Clerk issued citations on April 13, 2021.

3. Defendant CSS was served with the Petition in this case by process server on April 20, 2021, through its agent for service of process, CT Corporation System, in Dallas, Texas. April 20, 2021 is the date CSS first received a copy of the Petition setting forth Plaintiff's claim for relief.

4. Defendant R.L.R. was served with the Petition in this case by process server on April 20, 2021, through its agent for service of process, CT Corporation System, in Dallas, Texas. April 20, 2021 is the date R.L.R. first received a copy of the Petition setting forth Plaintiff's claim for relief.

5. R & L Carriers, Inc. ("RLCI")—understood on information and belief to be the defendant misnamed in the Petition as R + L Carriers, Inc.—was served with the Petition in this case by process server on April 20, 2021, through its agent for service of process, CT Corporation System, in Dallas, Texas.

6. Copies of all executed process in the State Court Action are attached hereto as **Exhibit B**.

7. On May 13, 2021, CSS filed and served its Verified Original Answer to Plaintiff's Original Petition ("CSS' Answer") by which it responded to Plaintiff's claims set forth in the Petition. A copy of CSS' Answer is attached hereto as **Exhibit C**.

8. On May 13, 2021, R.L.R. filed and served its Verified Original Answer to Plaintiff's Original Petition ("R.L.R.'s Answer") by which it responded to Plaintiff's claims set forth in the Petition. A copy of R.L.R.'s Answer is attached hereto as **Exhibit D**.

9. RLCI has not entered any appearance in the State Court Action.

10. A copy of the State Court Action docket sheet is attached hereto as **Exhibit E**.

11. This Notice of Removal is being filed within thirty days of receipt of Plaintiff's Original Petition and is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

12. All properly joined and served defendants have consented to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A). Defendants CSS and R.L.R. jointly file this Notice of Removal, thereby evidencing their consent to this removal. By and through its authorized counsel, RLCI has consented to this removal as evidenced by the declaration of its counsel attached hereto as **Exhibit H**.

13. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b). There is complete diversity of citizenship between the Plaintiff (a Texas citizen) and all defendants, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14. This Notice of Removal is being filed in the United States District Court for the Southern District of Texas, Houston Division, which is the District Court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

## BACKGROUND

15. This is a personal injury action. Plaintiff claims he was injured on or about November 1, 2019, allegedly while performing "his duties as a warehouse employee of Defendants," apparently incorrectly referring to CSS, R.L.R., and RLCI, collectively, although the term "Defendants" is not defined in the Petition. (*See* Exhibit A at ¶ 10) Plaintiff claims he was injured when he was struck "and pinned underneath a forklift operated by an employee, agent[,] and/or servant of Defendants." (*See id.*) Plaintiff claims the alleged incident caused him severe

injuries requiring painful surgical treatments and therapy. (*See id.*)[1] Plaintiff further claims the incident left him with unpaid medical bills that harmed his creditworthiness and that it has caused harm to his employment prospects and other relationships. (*See id.*)

16. Based on his allegations, summarized above, Plaintiff's Petition asserts negligence and negligence per se claims against Defendants, which claims are based on various theories of direct and vicarious liability. (*See id.* at ¶ 17-20)

17. Plaintiff seeks damages as compensation for the following alleged injuries: Past and future medical expenses; past and future pain, suffering, and mental anguish; past and future physical impairment; past and future physical disfigurement; past lost wages and future loss of earning capacity; loss of enjoyment of life in the past resulting in the inability to participate in previously enjoyed activated (*sic*) in the past and in all probability in the future; prejudgment interest; and all costs of suit. (*See id.* at ¶ 21) Plaintiff's Petition also requests such other and further relief as the Court deems just. (*See id.*) Plaintiff has also pleaded a request for exemplary damages, claiming the Defendants' alleged actions constitute gross negligence. (*See id.* at ¶ 23) As a result of these claims, Plaintiff has expressly pleaded, in accordance with Texas Rule of Civil Procedure 47(b)(1), that "Plaintiff seeks monetary damages over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled." (*See id.* at ¶ 4)

## THIS CASE IS WITHIN THE COURT'S DIVERSITY JURISDICTION

18. A state court case may be removed to federal court if it is within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441. Federal courts' original subject matter jurisdiction

---

[1] Plaintiff's Petition, Exhibit A, is attached to this Notice of Removal as required, and various allegations of Plaintiff are referenced in this Notice of Removal for the limited purposes of removal, and not by way of admission of liability or of any fact or matter to the prejudice of Defendants, or of waiver of any kind, which is expressly denied.

extends to cases or controversies where there is complete diversity between the plaintiffs and defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 62, 68 (1996).

19.     Here, there is complete diversity of citizenship between Plaintiff, on the one hand, and CSS, R.L.R., and RLCI, on the other. Thus, this case is within the federal courts' diversity jurisdiction and removal is proper.

A. **THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

20.     The amount-in-controversy requirement is satisfied if the amount in controversy exceeds $75,000, exclusive of interest and costs, as it does in this case. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 62, 68 (1996). Plaintiff alleges serious injuries he claims resulted from being struck by, and pinned under a fork lift. (*See id.* at ¶¶ 10-16) On the basis of those alleged injuries, Plaintiff seeks a litany of alleged actual damages *plus* exemplary damages. (*See id.* at ¶¶ 21-23) From these allegations, it is facially apparent that Plaintiff seeks more than $75,000, exclusive of interest and costs. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Furthermore, the Petition expressly states that Plaintiff seeks more than $1 million in damages. (*See id.* at ¶ 4) Thus, the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.

B. **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL NAMED DEFENDANTS**

21.     The complete diversity requirement is satisfied if each plaintiff's citizenship is different from the citizenship of each defendant. Here, that requirement is met because Plaintiff is a citizen of Texas, defendant R.L.R. is a citizen of only Ohio and Florida, defendant CSS is a citizen of only Ohio, South Carolina, and Florida, and non-appearing defendant RLCI is a citizen of only Ohio, as shown below.

### I. Plaintiff Mardell Christian is a citizen of Texas.

22. An individual's citizenship is material to ascertaining whether a federal court has subject matter jurisdiction under 28 U.S.C. § 1332. "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Plaintiff alleges in his Petition that Plaintiff resides in Harris County, Texas. (*See id.* at ¶ 5) Although residence and citizenship are not synonymous, at the pleading stage a statement regarding residency is an indicator of an individual party's citizenship. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 801 (5th Cir. 2007). Upon information and belief, Plaintiff's domicile is, and was at this case's inception, in Harris County, Texas. Accordingly, with respect to diversity, Plaintiff is, and was at the time of this case's inception, a citizen of Harris County, Texas.

### II. Defendants CSS and R.L.R. are citizens of only Ohio, South Carolina, and/or Florida.

23. For the purposes of diversity jurisdiction, the citizenship of a limited liability company "is determined by the citizenship of all of its members." *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). Insofar as any member of a limited liability company is a natural person, such member (and, therefore, the company) is "a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). Insofar as any member of a limited liability company is a corporation, such member (and, therefore, the company) is "a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liability Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).

**(a) R.L.R. is a citizen of only Ohio and Florida.**

24. Contrary to Plaintiff's Petition, which alleges R.L.R. is a corporation with its principal place of business in Harris County, Texas, (*see* Ex. A at ¶ 8), R.L.R. is actually a limited liability company with its principal place of business in Wilmington, Ohio. (*See* Ex. C at Ex. A, ¶ 5) Yet, as a limited liability company, R.L.R.'s principal place of business is irrelevant to the jurisdictional analysis—its members' citizenship is dispositive. *See Grey Wolf*, 542 F.3d at 1081.

25. R.L.R. has four members, each of which is a natural person, and none of which is citizen of Texas: Larry Roberts, Sr.; Mary Roberts; Roby Roberts; and Michelle Carpenter. (*See* Ex. C at Exhibit A, ¶ 5) Larry Roberts is a citizen of Ohio because he is domiciled in Ohio, where he has a fixed residence and intends to remain indefinitely, and those facts were also true when the State Court Action commenced. (*See id.*) Mary Roberts is a citizen of Florida because she is domiciled in Florida, where she has a fixed residence and intends to remain indefinitely, and those facts were also true when the State Court Action commenced. (*See id.*) Roby Roberts is a citizen of Florida because he is domiciled in Florida, where he has a fixed residence and intends to remain indefinitely, and those facts were also true when the State Court Action commenced. (*See id.*) Michelle Carpenter is a citizen of Florida because she is domiciled in Florida, where she has a residence and intends to remain indefinitely, and those facts were also true when the State Court Action commenced. (*See id.*) As its members include only citizens of Ohio and Florida, R.L.R. is a citizen of Ohio and Florida for diversity purposes. *See id.*

**(b) CSS is a citizen of only Ohio, South Carolina, and Florida.**

26. Contrary to Plaintiff's Petition, which alleges CSS is a corporation with its principal place of business in Harris County, Texas, (*see* Ex. A at ¶ 7), CSS is actually a limited liability company with its principal place of business in Wilmington, Ohio. (*See* Ex. C at Ex. A, ¶ 6) Yet,

as a limited liability company, CSS' principal place of business is irrelevant to the jurisdictional analysis—its members' citizenship is dispositive. *See Grey Wolf*, 542 F.3d at 1081.

27. CSS has six members, none of which is a citizen of Texas: R & L Transfer, Inc. ("Transfer"); Greenwood Motor Lines, Inc. ("Greenwood"); Gator Freightways, Inc. ("Gator"); R&L Paramount Transportation Systems, Inc. ("Paramount"); Defendant R.L.R.; and non-appearing defendant RLCI. (*See* Ex. C at Exhibit A, ¶ 6) Transfer is a citizen of only Ohio because it is, and was when the State Court Action commenced, a corporation incorporated in Ohio, and its principal place of business is, and was when the State Court Action commenced, in Wilmington, Ohio. (*See id.*) Greenwood is a citizen of only South Carolina and Ohio because it is, and was when the State Court Action commenced, a corporation incorporated in South Carolina, and its principal place of business is, and was when the State Court Action commenced, in Wilmington, Ohio. (*See id.*) Gator is a citizen of only Florida and Ohio because it is, and was when the State Court Action commenced, a corporation incorporated in Florida, and its principal place of business is, and was when the State Court Action commenced, in Wilmington, Ohio. (*See id.*) Paramount is a citizen of only Ohio because it is, and was when the State Court Action commenced, a corporation incorporated in Ohio, and its principal place of business is, and was when the State Court Action commenced, in Wilmington, Ohio. (*See id.*) For the reasons set forth in Paragraph 26, above, R.L.R. is a citizen of only Ohio and Florida. For the reasons set forth in Paragraph 28, below, RLCI is a citizen of Ohio only. As its members include only citizens of Ohio, South Carolina, and Florida, CSS is a citizen of only Ohio, South Carolina, and Florida for diversity purposes. *See Grey Wolf*, 542 F.3d at 1081.

### III. Defendant RLCI is a citizen of Ohio only.

28. "For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Tewari*, 757 F.3d at 483. Plaintiff's Petition alleges that RLCI is "a corporation with its principal place of business in Harris County, Texas," (*see* Ex. A at ¶ 6), but that is false. RLCI *is* a corporation, but its principal place of business is, and was when the State Court Action commenced, located in Wilmington, Ohio. (*See* Ex. C at Exhibit A, ¶ 4) Plaintiff's Petition does not mention RLCI's state of incorporation. But RLCI is, and was at the time of the State Court Action's commencement, a corporation organized under the laws of the State of Ohio. (*See id.*) Therefore, RLCI is, and was when the State Court Action commenced, a citizen of *only* Ohio for diversity jurisdiction purposes. Because RLCI is, and was at this case's inception, a citizen of only Ohio, and Plaintiff is, and was at this case's inception, a citizen of Texas, the requisite diversity of citizenship exists between RLCI and Plaintiff.

29. In sum, Plaintiff's citizenship is, for jurisdictional purposes, diverse as to each defendant named in the State Court Action: Plaintiff is, and was at the State Court Action's inception, a citizen of Texas; Defendant R.L.R. is, and was at the State Court Action's inception, a citizen of only Ohio and Florida; Defendant CSS is, and was at the State Court Action's inception, a citizen of only Ohio, South Carolina, and Florida; and RLCI is, and was at the State Court Action's inception, a citizen of Ohio alone. Thus, there is, and was at the State Court Action's inception, complete diversity between Plaintiff and all named defendants in the State Court Action.

## 28 U.S.C. § 1446 REQUIREMENTS ARE SATISFIED

30. In accordance with 28 U.S.C. § 1446, Defendants have obtained all properly joined and served defendants' consent to removal of this action. (*See* Ex. H)

## LOCAL RULE LR-81 REQUIREMENTS ARE SATISFIED

31. Defendants have attached Plaintiff's Petition—the only pleading asserting causes of action in this case—as **Exhibit A** to this Notice of Removal.

32. Defendants have attached all executed process in this case as **Exhibit B**.

33. Defendants have also attached CSS' Answer and R.L.R.'s Answer—the only answers filed in this case—as **Exhibits C and D**, respectively, to this Notice of Removal.

34. The state-court judge has not signed any orders in this case. Thus, none are attached.

35. Defendants have attached the State Court Action docket sheet as **Exhibit E** to this Notice of Removal.

36. Defendants have attached an index of matters being filed as **Exhibit F** to this Notice of Removal.

37. A complete list of parties involved in the State Court Action and their respective counsel are attached as **Exhibit G.**

## CONCLUSION

38. Defendants CSS and R.L.R. hereby remove Cause No. 2021-21334 styled *Mardell Christian v. R + L Carriers, Inc., R + L Carriers Shared Services, LLC, and RLR Investments, LLC*, filed in the 270th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

39. By filing this Notice of Removal, Defendants do not waive any defenses or rights, including (but not limited to) their rights to move to compel arbitration of Plaintiff's claims, or

make any admissions of any kind whatsoever. Defendants specifically reserve all defenses, objections, and motions to the full extent allowed by law.

40. Upon filing of this Notice of Removal, Defendants will give written notice thereof to Plaintiff's attorney and will file a copy of this Notice of Removal with the Clerk of the District Court of Harris County, Texas.

Dated: May 14, 2021.

    Respectfully submitted,

    **PARSONS McENTIRE McCLEARY PLLC**

    *s/Roger L. McCleary*
    Roger L. McCleary
    Texas Bar No. 13393700
    Fed. ID #205
    rmccleary@pmmlaw.com
    John D. Bullock
    Texas Bar No. 24109671
    Fed. ID # 3362946
    jbullock@pmmlaw.com
    One Riverway, Suite 1800
    Houston, Texas 77056
    (713) 960-7315 (Telephone)
    (713) 960-7347 (Facsimile)

    **ATTORNEYS FOR DEFENDANTS R&L CARRIERS SHARED SERVICES, L.L.C. AND R.L.R. INVESTMENTS, L.L.C.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 14, 2021, true and correct copies of the above and foregoing document, and all exhibits thereto, were filed electronically with the Clerk of this Court via ECF System and served electronically upon all counsel including the following:

| | | |
|---|---|---|
| Bryant A. Fitts | *Via Email:* | *bfitts@fittslawfirm.com* |
| Rachel Martin-Deckelmann | *Via Email:* | *rdeckelmann@fittslawfirm.com* |

FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone: (713) 871-1670
Facsimile: (713) 583-1492

*Attorneys for Plaintiff*

                                                *s/John D. Bullock*
                                                John D. Bullock