# EXHIBIT A

## TO DEFENDANTS R&L CARRIERS SHARED SERVICES, L.L.C. AND R.L.R. INVESTMENTS, L.L.C.'S JOINT NOTICE OF REMOVAL

4/12/2021 10:16 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52347566
By: Carolina Salgado
Filed: 4/12/2021 10:16 AM

2021-21334 / Court: 270

**CAUSE NO. __________**

| | | |
|---|---|---|
| **MARDELL CHRISTIAN,** *Plaintiff,* | § | **IN THE DISTRICT COURT OF** |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| **R + L CARRIERS, INC., R + L CARRIERS SHARED SERVICES, LLC, AND RLR INVESTMENTS, LLC** *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Mardell Christian (hereinafter referred to as "Plaintiff"), who files this Original Petition against Defendants, R + L Carriers, Inc., R + L Carriers Shared Services, LLC and RLR Investments, LLC and respectfully alleges as follows:

**DISCOVERY-CONTROL PLAN**

1. Plaintiff intends to conduct discovery in this matter under Level 3 of Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $1,000,000.00.

**JURISDICTION**

2. Venue is proper in Harris County, Texas, pursuant to § 15.002 of the Texas Civil Practice and Remedies Code as the facts constituting the causes of action herein occurred in whole or in part in Harris County, Texas.

3. This Court maintains jurisdiction over the subject matter because the damages are within the jurisdictional limits of this court.



Certified Document Number: 95261527 - Page 1 of 7

## CLAIM FOR RELIEF

4. Pursuant to Texas Rule of Civil Procedure 47(b)(1), Plaintiff seeks monetary damages over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief, if necessary.

## PARTIES

5. Plaintiff, Mardell Christian (hereinafter referred to as "Plaintiff"), is an individual who resides in Harris County, Texas.

6. Defendant, R + L Carriers, Inc. (hereinafter referred to as "Defendant-RL"), is a corporation with its principal place of business in Harris County, Texas. Defendant-RL may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

7. Defendant, R + L Carriers Shared Services, LLC (hereinafter referred to as "Defendant-RL-Shared"), is a corporation with its principal place of business in Harris County, Texas. Defendant-RL-Shared may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8. Defendant, RLR Investments, LLC (hereinafter referred to as "Defendant-RLR Investments"), is a corporation with its principal place of business in Harris County, Texas. Defendant-RLR Investments may be served through its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## FACTS

9. This lawsuit is necessary as a result of personal injuries Plaintiff received on or about November 1, 2019.



Certified Document Number: 95261527 - Page 2 of 7

10. At that time, Plaintiff was fulfilling his duties as a warehouse employee of Defendants. Plaintiff was on the ground on his knees replacing a sticker on a piece of freight when, suddenly and without warning, he was struck and pinned underneath a forklift operated by an employee, agent and/or servant of Defendants, who was, at all relevant times, acting within the course and scope of his employment with Defendants.

11. The aforementioned incident caused severe injuries to Plaintiff that required extensive and extremely painful surgical treatments and physical therapy for his injuries.

12. Defendants do not subscribe to Texas Workers' Compensation Insurance that, as a result, has left Plaintiff with unpaid medical bills which have severely harmed Plaintiff's creditworthiness.

13. Further, Defendants' actions have had a tremendous negative effect on future employment opportunities for Plaintiff, as well as, causing future personal relationships to be non-existent due to the catastrophic injuries he sustained as a result of this incident.

14. Defendants are independently/directly liable, as well as, vicariously liable for the actions and/or inactions of its employees, who were acting in furtherance of a business enterprise and/or in furtherance of a business mission, through the doctrine of *respondeat superior*.

15. Defendants may be held to answer in the court of law for the occurrence described above because its employee was negligent in the operation of a motor vehicle.

16. Defendants are liable unto Plaintiff jointly and severally, in the full sum and amount of damages proven reasonable at trial on the merits of this matter, until paid and for all cost of these proceedings.



Certified Document Number: 95261527 - Page 3 of 7

## CAUSE OF ACTION NO. 1: NEGLIGENCE

17. Upon information and belief and at all times relevant herein, the aforementioned incident was proximately caused totally, solely and/or concurrently through the negligence and/or fault of Defendants and/or their employee, agent and/or servant in the following non-exclusive particulars, to-wit:

a. Failure of its driver to check the forklift;

b. Failure to train the employee on how to operate the forklift;

c. Failure to supervise the employee in the operation of the forklift;

d. Failure to implement proper safety policies and procedures for the use of the forklift;

e. Failure to warn Plaintiff;

f. Failure of its employees to exercise due care in the operation of the forklift;

g. Failure of Defendant's supervisors to pay attention;

h. Failure to provide adequate assistance to its employee;

i. Failure to train, educate, test and instruct its employees on safety;

j. Failure to furnish its employees, not including Plaintiff, with adequate, necessary and suitable tools and equipment;

k. Failure to supply adequate and reasonably competent employees to assist in the operation of Defendant's forklift;

l. Failure to provide adequate means of communication to enable its employees, not including Plaintiff, to inquire or obtain guidance from their employer on how to safely perform their job;



Certified Document Number: 95261527 - Page 4 of 7

m. Failure to properly educate, instruct and supervise their employees, not including Plaintiff , in the performance of their duties;

n. Failure to have a competent safety person on the job-site;

o. Failure to employ or contract competent personnel;

p. Entrusting its forklift to a reckless and/or incompetent driver;

q. Hiring and continuing to retain a driver it knew or should have known was unsafe and entrusting its forklift to him;

r. Failure to provide proper safety manuals and instructions to employees, not including Plaintiff, responsible for safety; and

s. Failure of its employees, not including Plaintiff, to follow safe work practices.

18. Defendants' acts and omissions also constitute negligence *per se* as that term is defined under Texas law. An employer has an absolute, continuous, and non-delegable duty to:

a. Furnish a reasonably safe place to work;

b. Warn employees of hazards of their employment that are not commonly known or already appreciated;

c. Supervise employees' activities;

d. Hire competent co-employees;

e. Furnish reasonably safe instrumentalities with which to work;

f. Provide safety regulations; and

g. Train employees in the safe use and handling of products and equipment used in and around and employer's premises or facilities.

19. Defendant's violations were the proximate cause of Plaintiff's injuries and damages.

20. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.



Certified Document Number: 95261527 - Page 5 of 7

**DAMAGES AND RELIEF SOUGHT**

21. By virtue of the actions and conduct of the Defendants set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a. Past and future medical expenses;

b. Past and future pain, suffering and mental anguish;

c. Past and future physical impairment;

d. Past and future physical disfigurement;

e. Past lost wages and future loss of earning capacity;

f. Loss of enjoyment of life in the past resulting in the inability to participate in previously enjoyed activated in the past and in all probability in the future;

g. Prejudgment interest as deemed proper;

h. For all costs of suit incurred herein; and

i. For such other and further relied as the Court deems just.

22. By reason of the above, Plaintiff is entitled to recover damages from the Defendants in an amount within the jurisdictional limits of this Court, as well as, court costs, pre and post-judgment interest.

**EXEMPLARY DAMAGES**

23. The aforesaid actions of Defendants were in such reckless and heedless disregard for the rights, health and welfare of Plaintiff as to constitute gross negligence as defined and understood in law, therefore entitling Plaintiff to exemplary damages.

**JURY DEMAND**

24. Plaintiff hereby demands a trial by jury.



Certified Document Number: 95261527 - Page 6 of 7

## REQUEST FOR DISCLOSURE

25. Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that all Defendants disclose, within fifty (50) days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

## RULE 193.7 NOTICE

26. Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## PRAYER

27. Plaintiff prays that citation be issued and served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff has judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and further relief, to which he may be justly entitled.

Respectfully submitted,

Rachel Deckelmann

Bryant A. Fitts
Texas State Bar No. 24040904
bfitts@fittslawfirm.com
Rachel Martin-Deckelmann
Texas State Bar No. 24118263
Louisiana State Bar No. 32195
rdeckelmann@fittslawfirm.com
FITTS LAW FIRM, PLLC
4801 Richmond Avenue
Houston, Texas 77027
Telephone 713.871.1670
Facsimile 713.583.1492
**ATTORNEYS FOR PLAINTIFF**



Certified Document Number: 95261527 - Page 7 of 7




I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this May 14, 2021

Certified Document Number: 95261527 Total Pages: 7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**